IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-19-0286 |
| ANDRE LEMON, | |
| *Defendant*. | |

# MEMORANDUM

Defendant Andre Lemon is one of 25 defendants in this drug trafficking case. Pursuant to a Plea Agreement (ECF 573), Lemon entered a guilty plea on July 6, 2020, to a two-count superseding criminal information (ECF 566) charging him with conspiracy to distribute and possession with intent to distribute cocaine. The plea was entered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of 108 months of imprisonment. *Id.* ¶¶ 9, 10. Moreover, Lemon admitted that, in furtherance of that drug conspiracy, he possessed over five kilograms of cocaine as well as a firearm. *Id.* at 10-11. And, in the Plea Agreement, defendant agreed that he had a base offense level of 30, based upon the quantity of cocaine foreseeable to the defendant as part of the conspiracy. *Id.* ¶ 6(a)(i). Defendant also agreed that his offense level was increased by two levels because of his possession of the firearm. *Id.* ¶ 6(a)(ii).

Sentencing was held on September 9, 2020. ECF 695. The Presentence Report ("PSR", ECF 651) reflects a final offense level of 29, after deductions for acceptance of responsibility. *Id.* ¶¶ 22, 24, 25, 26. Defendant had a criminal history category of I. *Id.* ¶ 31. His Guidelines called for a sentencing ranging from 87 to 108 months of imprisonment. *Id.* ¶ 78. The Court sentenced defendant to concurrent terms of imprisonment of 108 months. ECF 696.

On May 3, 2024, Lemon sent a one-paragraph letter to the Court, asking whether Amendment 821 to the United States Sentencing Guidelines ("Guidelines") applies to his case. ECF 1471 (the "Motion"). The Court construed this inquiry as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). *Id.* On September 3, 2024, the Court ordered the government to respond to Lemon's Motion. The government's response is docketed at ECF 1512. Defendant did not reply.[1]

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

### I.   Discussion

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by

---

[1] Despite two inquiries to the Office of the Federal Public Defender ("FPD"), the FPD has not indicated whether it intends to supplement defendant's inquiry. The Court assumes, however, that the FPD does not wish to participate.

statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

3

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> (1) *the defendant did not receive any criminal history points from Chapter Four, Part A;*
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) *the defendant did not use violence or credible threats of violence in connection with the offense;*
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) *the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;*
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious

4

    Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 decrease the offense level determined under Chapters Two and Three by 2 levels.

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

## B.

As detailed above, this Court must first determine if Lemon is even eligible for a reduction. *Peters*, 843 F.3d at 574. As the plain language of U.S.S.G. § 4C1.1(a) makes clear, a defendant must meet *all* ten criteria to be eligible for a two-level reduction in his offense level.

I agree with the government (ECF 1512 at 4) that Lemon fails to qualify under U.S.S.G. § 4C1.1(a)(7). Specifically, he admitted in his Plea Agreement that he possessed a firearm in connection with his drug trafficking conspiracy. ECF 573. The Presentence Report (ECF 651) reflects a two-level increase to defendant's offense level based on his possession of a Taurus .410 caliber handgun. *Id.* ¶ 18.

Several courts have declined relief to defendants who failed to meet all ten criteria. *See United States v. Rodriguez*, JKB-16-0259, 2024 WL 1994945 (D. Md. May 3, 2024) (Bredar, J.) (concluding that defendant's crime involved death or serious bodily injury and thus ran afoul of § 4C1.1(a)(4); as a result, defendant "is not eligible for a sentence reduction under Amendment 821"); *accord United States v. Rivera-Paredes*, No. 24-40082, 2024 WL 3051671 (5th Cir. June 19, 2024) (concluding that "[b]ecause Rivera-Paredes received a § 3B1.1(a) enhancement," he was not eligible for relief under § 4C1.1(a)(1); *United States v. McFarlane*, No. 1:18CR00025-019, 2024 WL 3055034, at *3 (W.D. Va. June 20, 2024) (concluding that defendant "possessed his firearm in connection with his drug offenses and is thus ineligible for a sentence reduction under § 3582(c)(2)"); *United States v. Laveaga*, 2024 U.S. Dist. LEXIS 1338, *1 (W.D.N.C. 2024) ("Here, the defendant admitted that he possessed a firearm in his residence where law enforcement also found 3.75 kilograms of fentanyl. . . . He also received an aggravated role enhancement. . . . Accordingly, he is not eligible for relief. U.S.S.G. § 4C1.1(a)(7), (10)"); *United States v. Armendariz-Garcia*, No. 17-CR-20043-JAR-1, 2024 WL 1557573, at *2 (D. Kan. Apr. 10, 2024) ("Defendant fails to qualify for a retroactive reduction under U.S.S.G. § 4C1.1 because he possessed a firearm in connection with the relevant offense.").

Lemon's possession of a firearm constitutes a failure to meet all ten criteria of § 4C1.1(a). Therefore, he has not provided a basis for his § 3582(c)(2) Motion.

Even if the Court found Lemon eligible for consideration under Amendment 821, the factors set forth in 18 U.S.C. § 3553(a) do not support a reduction in his sentence. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public.

As to the nature of the offense, Lemon pleaded guilty to a conspiracy to distribute a large quantity of cocaine. Search warrants executed at locations associated with Lemon and the conspiracy revealed over 600 grams of cocaine, a Taurus .410 handgun, and approximately $19,000. As originally charged, and if convicted, the quantity of cocaine attributable to Lemon would have subjected Lemon to a ten-year mandatory minimum sentence. *See* ECF 96, Count One. Moreover, Lemon was charged with a firearm offense under 18 U.S.C. § 924(c). *Id.*, Count Twenty-Two. If convicted, this would have required a mandatory consecutive sentence. Defendant avoided these mandatory minimums by pleading guilty to the lesser included charge encompassed in the superseding criminal information.

Notably, the Court sentenced Lemon to the parties' agreed upon term of 108 months of imprisonment. In other words, Lemon received the exact sentence for which he bargained.

### III.   Conclusion

Based on the foregoing, I shall deny the Motion. An Order follows.

Date:   11/14/2025                                              /s/
                                                        Ellen L. Hollander
                                                        United States District Judge